IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| CHRIS GRINDLING, #A0721079 | ) | CIVIL NO. 07-00502 SOM-BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING PETITION |
| | ) | |
| ALAN NOUCHI, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

### ORDER DISMISSING PETITION

On October 1, 2007, *pro se* Petitioner Chris Grindling filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed an Answer to the court's order to show cause, addressing specific procedural concerns. Grindling has filed an Opposition to the Answer. The court dismisses the Petition with prejudice for lack of jurisdiction.

### I. BACKGROUND

On March 18, 1999, Grindling was found guilty by a jury in the Circuit Court of the Second Circuit, State of Hawaii ("circuit court") of disorderly conduct, in violation of Hawaii Revised Statutes (Haw. Rev. Stat.) § 711-1101 (1993) (Count I), terroristic threatening in the first degree, Haw. Rev. Stat. § 707-716 (1993) (Count III), resisting arrest, Haw. Rev. Stat. § 710-1026 (1993) (Count IV), and terroristic threatening in the second degree, Haw. Rev. Stat. § 707-17 (1993) (Count V).[1] The

---

[1] Grindling was acquitted of another count of terroristic
(continued...)

judgment of conviction and sentence was filed on May 22, 1999. Grindling was sentenced to thirty days in prison for Count I, six months in prison for Count IV, six months in prison for Count V, and five years of probation for Count III, all terms to run concurrently and with credit for time served.

On May 26, 1999, Grindling directly appealed, in S. Ct. No. 22573.  On August 10, 2000, the Hawaii Supreme Court affirmed the judgment by Summary Disposition Order ("SDO").

On September 7, 2000, the circuit court determined that Grindling had violated the terms of his probation and resentenced him to an indeterminate five-year term of imprisonment.  An order of resentencing and revocation of probation was filed on September 19, 2000.  Grindling appealed this order on October 9, 2000, in S. Ct. No. 23810.  The Hawaii Supreme Court dismissed this appeal by SDO on September 24, 2001.

On October 12, 2000, Grindling filed three petitions to vacate, set aside or correct judgment or to release him from custody pursuant to Hawaii Rules of Penal Procedure (Haw. R. Penal P.) Rule 40, which were consolidated in S.P.P. No. 00-1-0013(3) ("SPP 13").  On February 6, 2001, however, Grindling filed a motion to voluntarily withdraw the petition in SPP 13.

---

$^{1}$(...continued)
threatening in the second degree (Count II).

On February 6, 15, and 21, 2001, Grindling filed three more Rule 40 petitions, which were consolidated under S.P.P. No. 01-1-0003(3) ("SPP 3"). Notwithstanding Grindling's voluntary withdrawal of SPP 13, on October 18, 2001, the circuit court entered an order ("October 18 Order") in SPP 13 and SPP 3, granting in part and denying in part the Rule 40 petitions without a hearing.

On October 25, 2001, Grindling appealed the decisions as to both petitions, and the Hawaii Supreme Court consolidated those appeals in S. Ct. No. 24695.

On December 3, 2001, Grindling filed another Rule 40 petition, S.P.P. No. 01-1-0021(3) ("SPP 21"), claiming inadequate waiver of counsel for a September 7, 2000, probation revocation hearing. The circuit court granted SPP 21, and set aside the sentence entered on September 7, 2000. On September 27, 2002, however, after another evidentiary hearing, the circuit court again revoked Grindling's probation and resentenced him to five years of imprisonment with credit for time served.

On November 20, 2002, Grindling filed another Rule 40 petition, S.P.P. No. 02-1-0028(1) ("SPP 28"), challenging the Hawaii Paroling Authority's decision to rescind its earlier tentative decision to grant him parole on November 13, 2002. On March 19, 2003, the circuit court rendered SPP 28 moot, when it granted Grindling's motion to reconsider his sentence, and

resentenced him to five years of probation with a one-year jail term and credit for time served.

On March 5, 2004, the Hawaii Supreme Court entered an unpublished opinion affirming the circuit court's October 18 Order in most respects, and rejecting in full the seven issues Grindling raised in the appeal.  *See Grindling v. State*, No. 24695, 2004 WL 406996 (Haw. Mar. 5, 2004).  The Hawaii Supreme Court remanded four issues to the circuit court, which later determined that these issues were moot.

On February 3, 2005, after again violating the terms of his probation, Grindling was resentenced to five years of imprisonment with credit for time served.  Grindling appealed this decision, in S. Ct. No. 27119.  On October 20, 2005, however, the Hawaii Supreme Court granted Grindling's motion to withdraw this appeal.

On July 9, 2005, the Hawaii Paroling Authority issued a notice setting Grindling's minimum term at four years and eleven months in Cr. 98-0325(3); that term expired on October 1, 2006.

On August 5, and 29, 2005, Grindling appealed the denial of his two Haw. R. Penal P. 35 motions to correct illegal sentence, relating to the circuit court's February 3, 2005, order of resentencing.  These were consolidated into S. Ct. No. 27480.  On December 30, 2005, the Hawaii Supreme Court approved a stipulation to withdraw this appeal.

While pursuing relief in the state courts, Grindling was also seeking relief in federal court. On March 5, 2002, Grindling filed his first federal habeas petition, in Civil No. 02-00144 SOM. On May 9, 2002, judgment was entered dismissing this petition without prejudice, based on Grindling's failure to exhaust and failure to name a proper respondent. On February 4, 2003, Grindling filed his second federal habeas petition, Civil No. 03-00054 DAE, which was also dismissed for failure to exhaust state judicial remedies.

As noted, Grindling filed the present Petition on October 1, 2007, raising four grounds for relief: (1) "Sentence Ille[]gal violates double jeopardy" (Ground One); (2) "equal Protection [and] due Process violated by law makers law" (Ground Two); (3) "insufficient jury instruction as to immenency (sic) 95 H 465" (Ground Three); and (4) "Any Other Grounds I[']m entitled to" (Ground Four).[2]

## II.  DISCUSSION

To challenge a conviction or sentence in the federal court, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28

---

[2] On November 9, 2007, Grindling filed a motion to withdraw Ground One from the Petition, stating that this claim has not been exhausted. (Doc. No. 14.) On November 13, 2007, Grindling filed a motion to withdraw Ground Four from the Petition, stating that it referred to the trial judge's "denial of motion without hearing," and that "it appears that this issue was never appealed and ergo no exhaustion." (Doc. No. 15.)

U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).  If a petitioner has fully served his entire sentence, then he is no longer "in custody," for the specific conviction and sentence he is challenging, and the district court is divested of the jurisdiction necessary to review the challenged claims.  *See Maleng v. Cook*, 490 U.S. 488, 492-93 (1989) (court lacks subject matter jurisdiction over habeas petition when petitioner's challenged sentence is fully expired).

On February 3, 2005, Grindling was resentenced to five years of imprisonment with credit for time served in Cr. No. 98-0325(3), the conviction he is challenging.  The Hawaii Paroling Authority set Grindling's minimum term at four years and eleven months, to expire on October 1, 2006.  Grindling's *maximum* term expired on or about November 1, 2006.  Grindling also notified the court, in October 2006, that he would be released from the custody of the State of Hawaii on or about November 1, 2006.  *See Grindling v. Loo*, Civ. No. 06-00460 JMS (Doc. No. 13); *Grindling v. Silva*, Civ. No. 06-00461 DAE (Doc. No. 16).[3]  Moreover, in his "Answer," filed herein on October 11, 2007, Grindling explicitly acknowledges that his sentence is expired; he states, "I maxed out November 2006."  (Pet.'s Ans. at 1.)

---

[3] Defendants in these cases have also recently filed state court documentation showing that Grindling was released from custody in November 2006.  *See e.g., Grindling v. Silva*, Civ. No. 06-00461 DAE (Doc. Nos. 56 & 57).

This Petition was filed on October 1, 2007, eleven months after Grindling's term of imprisonment expired in Cr. No. 98-0325(3).  Although Grindling is apparently in custody as a pre-trial detainee in another pending state court criminal matter, he is not in custody for the conviction he challenges here.  The court therefore lacks jurisdiction to consider Grindling's claims.

In his Opposition, Grindling argues that the court should reach the merits of his claims because it is clear that he raises a constitutional issue of importance to the people of Hawaii.  This may be true, but, as explained above, because Grindling's sentence has expired, this court lacks jurisdiction to consider his claims on their merits.

Grindling also argues that this court erroneously dismissed his earlier petition in Civ. No. 02-00144 SOM as unexhausted, because the circuit court's October 18 Order denying him relief effectively precluded him from raising his claims further in the state court.  He appears to argue that the October 18 Order rendered the state court post-conviction process ineffective.  See 28 U.S.C. § 2254(b)(1)(B)(ii).  The records before the court conclusively show that Grindling was actively pursuing state court post-conviction relief when he filed his petition in Civ. No. 02-00144.  He had not, therefore, exhausted the issues presented in that petition, nor was there "an absence

7

of available State corrective process."  See 28 U.S.C. § 2254(b)(1)(B)(i).

Finally, Grindling argues that the Petition is not time-barred because there was only a five-month delay between the Hawaii Supreme Court's last order relating to his claims and his filing this action.  Having determined that it lacks jurisdiction to consider the Petition, the court makes no determination as to its timeliness.

Because the court lacks jurisdiction, the Petition is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 16, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

GRINDLING v. NOUCHI, et al.; CIV. NO. 07-00502 SOM-BMK; ORDER DISMISSING PETITION; dmp/ habeas 07/Grindling 07-502 (dsm sentence expired)