IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| CHRIS GRINDLING, #A0721079 | ) | CIVIL NO. 07-00502 SOM-BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING REQUESTS FOR |
| vs. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | AND FOR WAIVER OF FEES ON |
| ALAN NOUCHI, Warden, | ) | APPEAL |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER DENYING REQUESTS FOR CERTIFICATE OF APPEALABILITY AND FOR WAIVER OF FEES ON APPEAL

On October 1, 2007, *pro se* Petitioner Chris Grindling filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The court ordered Respondent to file a preliminary answer to the Petition. (Doc. No. 4.)

On October 4, 2007, the court granted Grindling's in forma pauperis ("IFP") application. (Doc. No. 5.)

On November 16, 2007, after Respondent filed an Answer to the Petition and Grindling filed several Replies, the court dismissed the Petition with prejudice for lack of jurisdiction, finding that Grindling was no longer in custody for the conviction that he was challenging.[1] (Doc. No. 16.) Judgment was entered that day. (Doc. No. 17.)

---

[1] Although it was also clear from Respondent's Answer that Grindling's Petition was time-barred under 28 U.S.C. § 2244(d), and that his claims were also unexhausted, the court did not reach these issues once it determined that it lacked jurisdiction.

On November 29, 2007, Grindling filed a motion for reconsideration, arguing that his release from prison on the full expiration of his sentence eleven months before he filed the present Petition did not divest the court of jurisdiction over his habeas petition.  (Doc. No. 19.)  Grindling also moved to withdraw all claims in the Petition except one,[2] and to consolidate this action with his two previous, long-closed federal habeas actions.  (Doc. Nos. 18 & 20.)

On December 3, 2007, the court denied Grindling's Motion for Reconsideration, as well as his Motion to Consolidate and Motion to Withdraw.  (Doc. No. 23.)

On December 19, 2007, Grindling filed a Notice of Appeal.

On January 11, 2008, Grindling filed a request for waiver of his filing fees on appeal.  (Doc. No. 26.)

## I. **The Certificate of Appealability is Denied.**

An appeal may not be taken in a habeas corpus proceeding, "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  If a petitioner does not request a certificate of appealability

---

[2] Grindling moved to "withdraw all issue[s] in all 3 petitions except for the sole issue of overlapping statute (Modica rule) the others werent [sic] exhausted."  Unfortunately, this claim was *not* presented in the Petition, and the court was left uncertain as to what Grindling intended. Consequently, when the motion for reconsideration was denied, this "motion" was also denied as foreclosed by that denial.

("COA"), the district court should treat a timely notice of appeal or other similar filing as a request for a COA and rule on it prior to processing the appeal.  *See* Fed. R. App. P. 22(b).

To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When, as here, the district court has rejected a petitioner's constitutional claims on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack,* 529 U.S. at 484.

The only facts relevant to this discussion are that, in November 2006, Grindling's sentence in Cr. No. 98-0325, the conviction challenged herein, was fully satisfied and he was released from state custody.  Grindling had no terms of probation

3

or parole upon his release.  Eleven months later, on October 1, 2007, Grindling filed this Petition.

Grindling fails to identify the specific issue he seeks to appeal.  Liberally construing his Notice of Appeal, the court surmises that Grindling appeals the court's holding that, because his sentence was expired when he filed the instant Petition, the court lacked jurisdiction to consider his claims.

Federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam).  This "in custody" requirement has been given wide reading, to include subjection to parole under an unexpired sentence, *id.* at 491, and an unexpired sentence that the petitioner has not yet begun to serve, *id.* at 493.  However, mere collateral consequences of a conviction are not sufficient to create jurisdiction.  "We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction *has fully expired* at the time his petition is filed."  *Id.* at 491 (emphasis added).

"Section 2254 [28 U.S.C. § 2254] is properly understood as 'in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the judgment of a state court, and not in state

4

custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction."'  *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (citations omitted).

When Grindling filed the Petition, although he was again technically in custody, because he was awaiting trial on a separate charge, this incarceration was wholly unrelated to his past conviction.  Grindling offers nothing to connect his present incarceration with his challenged conviction.  Even if Grindling's present troubles may be eventually exacerbated by his past conviction, that would not supply the necessary "in custody" status.  In *Maleng*, the Court rejected the claim that the potential for later enhancement of sentences for other crimes qualified to place a defendant "in custody."  490 U.S. at 492. "When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody."'  *Id.* at 492-493.  While Grindling is in custody awaiting trial, he is not in custody for the purposes of challenging this conviction.

Grindling also appears to argue that, because the court dismissed as unexhausted his first two habeas petitions challenging this conviction, and he was no longer incarcerated when he finally exhausted his state judicial remedies regarding

this conviction, the rules have prevented him from ever challenging this conviction in the federal court.

Grindling is being somewhat disingenuous. The Hawaii Supreme Court essentially affirmed his conviction on March 5, 2004, save four minor issues that it remanded to the state circuit court.[3] Grindling took no further action relating to this conviction, presumably because he was on probation. Approximately a year later, after violating the terms of his probation, Grindling was resentenced to five years of incarceration with credit for time served. Grindling *then* appealed this resentencing decision in state court, but he later withdrew that appeal. Grindling filed two more state post-conviction petitions challenging his resentencing, but also withdrew his appeal of these actions, on December 30, 2005.

A year later, in November 2006, when Grindling's sentence fully expired, he was finally released from confinement. He could have filed a federal habeas petition at any time after his conviction was final in 2004, or after his resentencing appeals were final in December 2005, while he was admittedly still incarcerated for this conviction. Instead, Grindling waited almost two years after the Hawaii Supreme Court affirmed his conviction, and *eleven months after his sentence expired*, to

---

[3] The circuit court determined that these four remaining issues were moot.

file this Petition.  The only reason Grindling was unable to present his claims on their merits to this court is because he failed to diligently pursue those claims.

Section 2253(c)(2) requires Grindling to make "a substantial showing of the denial of a constitutional right" to obtain a COA, although the Ninth Circuit has characterized this standard as being "relatively low."  *Beardslee v. Brown*, 393 F.3d 899, 902 (9th Cir. 2004).  The "petitioner must show only that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented deserve encouragement to proceed further."  *Beardslee*, 393 F.3d at 903 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Grindling has failed to identify any issue he wishes to appeal and failed to timely file a federal habeas petition after his conviction was affirmed in 2004, or after he withdrew his challenges to his resentencing in 2005.  Given those circumstances, as well as the reasons set forth in the November 16, 2007, Order Dismissing Petition, the court is convinced that Grindling has failed to make a "substantial showing of the denial of a constitutional right" for purposes of § 2253(c)(2).  Grindling does not meet the relatively low standard for granting a COA.  Grindling has not shown that "reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented deserve encouragement to proceed

further." *See Beardslee*, 393 F.3d at 903.  Grindling's request for a COA is DENIED.

## II.  The Request for Waiver of Fees On Appeal is Denied.

A party to a district court action who desires to appeal IFP must first file a motion with the district court, adhering to the filing requirements of § 1915(a).  Fed. R. App. P. 24(a)(1).  Additionally, the party must also show an entitlement to redress and a statement of issues to be presented on appeal.  *Id.*  If the court finds that the appeal is frivolous, it has the power to deny leave to proceed IFP.  *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  If the district court denies the motion to proceed IFP on appeal, the party may subsequently file a motion to proceed IFP on appeal in the court of appeals.  Fed. R. App. P. 24(a)(5).

As discussed above, neither Grindling's Notice of Appeal nor his request for waiver of fees on appeal states with particularity the issues he intends to appeal as required by Federal Rule of Appellate Procedure 24.  Additionally, Grindling's request does not state the facts of his poverty with particularity.  This is because he does not use the court's IFP application, fails to provide a prison certificate of his prison trust account, and fails to submit a signed authorization for the deduction of funds from his account if IFP is granted.  Most important, as the court finds that he is not entitled to a COA,

8

he is also not entitled to IFP.  Grindling's request for waiver of fees on appeal is DENIED.

### III.  Conclusion

Grindling's requests for a certificate of appealability and for waiver of fees on appeal are DENIED.  Grindling may now move in the appellate court for a certificate of appealability and for in forma pauperis on appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 15, 2008.



 /s/ Susan Oki Mollway 
Susan Oki Mollway
United States District Judge

GRINDLING v. NOUCHI, et al.; CIV. NO. 07-00502 SOM-BMK; ORDER DENYING REQUESTS FOR CERTIFICATE OF APPEALABILITY AND FOR WAIVER OF FEES ON APPEAL; dmp/COAs 07/Grindling 07-502 (dny)