IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING, #A0721079 )<br>)<br>       Petitioner, )<br>)<br>  vs. )<br>)<br>ALAN NOUCHI, Warden, )<br>)<br>       Respondent. )<br>_____ ) | CIVIL NO. 07-00502 SOM-BMK<br><br>ORDER DENYING MOTION FOR<br>RECONSIDERATION |

### ORDER DENYING MOTION FOR RECONSIDERATION

Petitioner Chris Grindling seeks reconsideration of the Order Denying Request for a Certificate of Appealability ("COA"), entered on January 16, 2007.  (Doc. No. 29.)  In support of his request for reconsideration, Grindling reiterates arguments that he made in his Petition for Writ of Habeas Corpus.  He asks the court to either "[g]rant me a C.O.A. or order circuit court 2nd Circuit to rule on 9.P. No. 08-1-0001 w[h]ich has the single issue of overlapping statutes cause I know there [sic] going to dismiss it like the 15 other times[.]" (Mot. 2.)  The Motion for Reconsideration is DENIED.

### DISCUSSION

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons that the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Donaldson v. Liberty Mut. Ins. Co.*, 947 F.

Supp. 429, 430 (D. Haw. 1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citation omitted).

Only three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice. *See Mustafa v. Clark County School District*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

Grindling alleges that he has been denied his "constitutional right to an appeal," in this action because no court will rule on his issue of "overlapping statutes." (Mot. 2.) This court dismissed Grindling's Petition for lack of jurisdiction because Grindling was no longer in custody for the conviction he challenges when he filed this action. Grindling's arguments simply reiterate his disagreement with the court's decision to dismiss his Petition for lack of jurisdiction. The court carefully detailed why Grindling's Petition was dismissed

in the November 11, 2007, Order Dismissing Petition, and in the December 3, 2007, Order Denying Motion for Reconsideration. (*See* Doc. Nos. 16, and 23.) The court explained its reasoning again in the January 16, 2008, Order Denying Requests for Certificate of Appealability and For Waiver of Fees on Appeal. (*See* Doc. No. 27.) The court will not justify its decision a fourth time.

Grindling has not demonstrated any sufficient reason to reconsider the Order Denying Certificate of Appealability. There has been no intervening change in controlling law mandating reconsideration. Grindling presents no new evidence that was previously unavailable, nor shown that reconsideration is necessary to prevent manifest injustice. Nor does this case involve highly unusual circumstances warranting reconsideration.

Grindling is notified again that this court's denial of his request for COA does not prevent him from requesting a COA directly from the Ninth Circuit Court of Appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c). In fact, once a district court has denied the request for a COA, it is required to transmit the record to the court of appeals, which will automatically consider the request prior to establishing a briefing schedule for the appeal. Fed. R. App. P. 22(b); *see also Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990). After the district court denies a COA, a petitioner has thirty-five days to move for a COA in the court of appeals. If the

petitioner fails to do so, the court of appeals will deem the petitioner's notice of appeal as a motion for a COA.  *See* Ninth Cir. R. 22-1(d).  Contrary to Grindling's allegations, there has been no obstruction of his right to appeal in the federal court.

Accordingly, Grindling's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; January 28, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

GRINDLING v. NOUCHI, et al.; CIV. NO. 07-00502 SOM-BMK; ORDER DENYING MOTION FOR RECONSIDERATION; dmp/rECON 08/Grindling 07-502 (Dny Recon of COA)